BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Defendant, Jeffrey Solomon Simpson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>     Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| ERIC M. HUEBSCHER, as Receiver,<br><br>     Plaintiff,<br><br>- against -<br><br>JEFFREY SOLOMON SIMPSON,<br><br>     Defendant. | Adversary No. 26-01045 (LGB)<br><br><br>**ANSWER** |

Defendant Jeffrey Solomon Simpson (the "Debtor"), answering the plaintiff's complaint,

respectfully sets forth and alleges:

**Jurisdiction and Venue**

1. Admits the allegations in paragraph 1 of the complaint.

2. Admits the allegations in paragraph 2 of the complaint.

3. Admits the allegations in paragraph 3 of the complaint.

**Parties**

4. Admits the allegations in paragraph 4 of the complaint.

4932-1335-0582 v.1

5.      Admits the allegations in paragraph 5 of the complaint.

**Statement of Facts**

6.      Denies the allegations in paragraph 6 of the complaint, except admits the existence of an order, dated March 11, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

7.      Denies the allegations in paragraph 7 of the complaint, except admits the existence of an order, dated March 11, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

8.      Denies the allegations in paragraph 8 of the complaint, except admits the existence of an order, dated March 11, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

9.      Denies the allegations in paragraph 9 of the complaint, except admits the existence of an order, dated March 11, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

10.     Denies the allegations in paragraph 10 of the complaint, except admits the existence of an order, dated May 12, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

11.     Denies the allegations in paragraph 11 of the complaint, except admits the existence of an order, dated May 12, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

12.     Denies the allegations in paragraph 12 of the complaint, except admits the existence of an order, dated May 12, 2025, in the State Court Action, and respectfully refers the Court to such order for the proper construction thereof.

2

13.     Denies the allegations in paragraph 13 of the complaint.

14.     Denies the allegations in paragraph 14 of the complaint.

15.     Denies the allegations in paragraph 15 of the complaint.

16.     Denies the allegations in paragraph 16 of the complaint, except admits that Chassen moved in the State Court Action to hold the Debtor in civil and criminal contempt, and respectfully refers the Court to such motion for the proper construction thereof.

17.      Denies the allegations in paragraph 17 of the complaint, except admits that Chassen moved in the State Court Action to hold the Debtor in contempt under the New York Judiciary Law, and respectfully refers the Court to such motion for the proper construction thereof.

18.     Denies the allegations in paragraph 18 of the complaint.

19.     Denies the allegations in paragraph 19 of the complaint, except admits that the Receiver joined the contempt motion.

20.     Denies the allegations in paragraph 20 of the complaint, except admits that the State Court Action conducted an evidentiary hearing and refers the Court to the record of such hearing for a proper construction thereof.

**Count I**
**Non-Dischargeability Under 11 U.S.C. § 523(a)(6)**

21.     Repeats and realleges his admissions, denials, and other responses to the allegations incorporated in paragraph 21 of the complaint.

22.     Denies the allegation in paragraph 22 of the complaint.

23.     Denies the allegation in paragraph 23 of the complaint.

24.     Denies the allegation in paragraph 24 of the complaint.

25.     Denies the allegation in paragraph 25 of the complaint.

3

26.     Denies the allegation in paragraph 26 of the complaint, except admits that the Receiver may assert a claim, which the Debtor disputes.

27.     Denies the allegation in paragraph 27 of the complaint.

### Defenses

28.     The complaint fails to state a claim upon which relief may be granted.

29.     Any loss suffered by the Receiver is the result of his own acts or omissions, or the conduct of persons other than the Debtor.

30.     The Receiver's claim against the Debtor is barred by the doctrine of unclean hands.

WHEREFORE, the Debtor respectfully prays for a judgment dismissing the complaint with prejudice, granting the Debtor his costs and disbursements, and granting the Debtor such other and further relief as is just.

Dated: New York, New York
        June 26, 2026

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP

By: _/s/ Alec P. Ostrow___
        Alec P. Ostrow
        aostrow@beckerglynn.com
        299 Park Avenue
        New York, New York 10171
        (212) 888-3033

*Attorneys for Defendant, Jeffrey Solomon Simpson*

4

4932-1335-0582 v.1